NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4656
_____

DEBRA WEISMAN; ALBERT M. WEISMAN,

Appellants
v.

NEW JERSEY DEPARTMENT OF HUMAN SERVICES;
JENNIFER VELEZ, Esq., In her official capacity as Commissioner;
ANCORA PSYCHIATRIC HOSPITAL; ALLAN BOYER, Individually, and in his
official capacity as Director, Human Resources; ALFRED FILIPPINI, Individually, and
in his official capacity as Director, Human Resources
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-11-cv-01856)
District Judge:  Honorable Joseph E. Irenas

Submitted Under Third Circuit LAR 34.1(a)
June 24, 2014

BEFORE:  FUENTES, GREENAWAY, JR., and NYGAARD, *Circuit Judges*

(Filed:  December 2, 2014)
_____

OPINION[*]
_____

NYGAARD, *Circuit Judge.*

I.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Weisman is a registered nurse. She was employed as a charge nurse at Ancora Psychiatric Hospital from 1998 until 2010. Weisman took a medical leave of absence from Ancora in late September, 2008, due to a diagnosed panic disorder. In June of 2009, as her medical leave neared an end, Ancora officials notified Weisman that she needed to secure her physician's approval before returning to work. She would also have to undergo a fitness-for-duty evaluation by a psychiatrist. Although she was cleared for duty by her doctor, Weisman was deemed unfit to return to work by the examining psychiatrist. Ancora informed Weisman that she was suspended pending the termination of her employment. Pursuant to New Jersey law, hospital officials also notified the New Jersey Board of Nursing that Weisman's privileges had been suspended. *See* N.J. Stat. Ann. § 26:2H-12.2b(a)(1)(a). The hospital officially terminated her employment in January of 2010 and Ancora also informed the Board of Nursing of Weisman's termination.

Weisman's union appealed the termination and the parties proceeded to arbitration. In August of 2010, the parties entered into a settlement agreement. The terms were simple: Weisman agreed to waive all claims arising from her employment with Ancora and in return, the hospital agreed to designate her departure as one based on a "resignation in good standing" instead of the more punitive designation of "removal." An error on the final Notice of Disciplinary Action indicated that her resignation was "not in good standing," but this error was later corrected by the hospital. A month after resigning from Ancora, Weisman interviewed at another hospital, Kennedy Memorial, and she was offered a position there, conditioned on a satisfactory background check.

2

Kennedy Memorial hired an investigatory firm, which in turn sent Ancora a questionnaire, seeking a reference for Weisman. Ancora reported that Weisman had resigned voluntarily from her position and that her job performance met Ancora's standards for patient care. However, in response to the question whether Ancora had ever reported Weisman to a professional review board, Ancora responded that it had, attaching copies of its letters to the New Jersey Board of Nursing. Kennedy Memorial subsequently withdrew its offer of employment.

Weisman blamed Ancora for the withdrawal of Kennedy Memorial's employment offer, and filed an action against the hospital in the District Court under various federal statutes, seeking back pay, damages, and injunctive relief. She also asked for equitable relief from the District Court to address Ancora's alleged failure to properly implement the provisions of the settlement agreement. After the District Court denied motions to dismiss, and discovery had concluded, both parties filed for summary judgment. Weisman asked for partial summary judgment on her state-law breach of contract claim; Ancora sought relief on all counts. The District Court denied Weisman's motion and granted summary judgment to Ancora on all counts. Weisman timely appealed and we will affirm.

## II.

The District Court had jurisdiction under 28 U.S.C. § 1331. We exercise jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's grant of summary judgment de novo and "view inferences to be drawn from the underlying facts in the light most favorable to the nonmoving party." *Montanez v. Thompson*, 603 F.3d

3

243, 248 (3d Cir. 2010) quoting *Bayer v. Monroe Cty. Children & Youth Servs.*, 577 F.3d 186, 192 (3d Cir. 2009). "Summary judgment is appropriate where the [c]ourt is satisfied 'that there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986).

## III.

As the District Court did, we begin our analysis with the parties' settlement agreement. There can be no dispute that the settlement agreement is a valid, bargained-for exchange between Weisman and Ancora. The agreement originally noted that Weisman's penalty was one of "removal." But, handwritten notations indicated Ancora's agreement to modify that penalty to a "resignation in good standing." Weisman, for her part, agreed to waive "all appeals, claims, demands, damages, causes of actions or suits," which she might bring against "the state, its employees, agents, or assigns arising out of or relate to the subject matter of this disciplinary action . . . ." The gist of Weisman's case, before the District Court and on appeal, is her belief that by agreeing to characterize her departure as a "resignation in good standing," Ancora also agreed not to divulge its negative reports to the Board of Nursing to any prospective future employer. Ancora agreed to do nothing of the sort, and we find all of Weisman's claims meritless.

## A.

Weisman first argues that the District Court erroneously interpreted the provisions of her settlement agreement with Ancora. Focusing on the Amended Final Notice of Disciplinary Action (which mistakenly stated that Weisman's resignation was "not" in

4

good standing), Weisman argues that the District Court erred by construing Ancora's responsibilities solely to the correction of this error. Her larger point is that by agreeing to change her departure designation to a resignation in good standing, Ancora agreed to either rescind its negative reports to the Board of Nursing or to omit any reference to those reports when queried by prospective employers. We reject Weisman's contentions.

The District Court did not construe the settlement agreement as narrowly as Weisman suggests. Ancora's responsibility under the settlement agreement, as the District Court correctly noted, was to record that Weisman resigned her position "in good standing." Ancora met that responsibility. In response to Kennedy Memorial's background investigation, Ancora indicated that Weisman voluntarily resigned her employment with the hospital. Weisman's argument that the initial error on her termination notice was a breach of the settlement agreement is equally as unavailing. While the error may have violated the terms of the agreement, the violation was not a material one. As we see it, Ancora's obligation under the settlement agreement was to report to any interested future employer that Weisman resigned her employment "in good standing" with the hospital. The fact that her initial termination notice mistakenly indicated that she had not left in good standing is irrelevant because Ancora never sent the flawed notice to any future employment prospect.

Further, nothing in the settlement reveals Ancora's agreement to revoke its letters to the Board of Nursing, or to omit reference to them upon any inquiry by a prospective employer of Weisman. Nor could Ancora bargain away this statutory obligation. *See* N.J. Stat. Ann. § 26:2H-12.2b(a)(1)(a); N.J. Stat. Ann. 26:2H-12.2c(a)(2). Weisman

5

additionally maintains that the parties actually agreed that the disclosure of Ancora's reports to the Board of Nursing would violate the settlement agreement and that the District Court overlooked testimony in support of this contention. That is not so. Weisman points to testimony of Ancora CEO Boyer in support of her claim. When asked whether a negative reference by Ancora would be consistent with Weisman's resignation "in good standing," CEO Boyer indicated that such a conclusion was "not in the agreement." Further, Boyer did not testify that the designation "in good standing" left Weisman with a clean employment record, as she asserts on appeal. To the contrary, Boyer never made such a pronouncement; indeed, he was never asked whether Weisman's resignation exempted the hospital from its statutory obligations.

Lastly, the record repudiates Weisman's argument that the settlement agreement was a contract of adhesion. There simply is no evidence that Weisman was confused or dissatisfied with the agreement's terms. Nor can we find any evidence of duress or fraud that would lead us to a conclusion that the settlement negotiations were unfairly one-sided.

B.

Next, Weisman argues that the District Court erred by dismissing her retaliation claim. Weisman also maintains that the District Court abused its discretion by refusing to rescind the agreement. We disagree on both points. As to the retaliation claim, which Weisman brought under the New Jersey Conscientious Employee Protection Act, and the First Amendment to the Constitution, we find those claims waived. The settlement agreement specifically waives any claims brought by Weisman under the CEPA and 42

6

U.S.C. § 1983.  Having previously found the agreement to be a valid  one, we hold

Weisman to its terms.[1]

Nor did the District Court abuse its discretion by refusing to rescind the settlement

agreement.  Weisman argues that the agreement should be rescinded because she was

unaware that Ancora had reported her to the Board of Nursing.  We first note that a

"unilateral mistake of a fact unknown to the other party is not ordinarily grounds for

avoidance of a contract," and that, in order to grant rescission in the case of a factual

mistake, "the mistake must have occurred notwithstanding the exercise of reasonable care

by the party making the mistake."  *Intertech Assocs., Inc. v. City of Paterson*, 604 A.2d

628, 632 (N. J. Super. Ct. App. Div. 1992).  Here, we agree with the District Court that

Weisman presented no evidence to support her claim that she did not know that Ancora

had reported her to the Board of Nursing.  Now, with the benefit of hindsight, Weisman

argues that she agreed to the "in good standing" designation but thought that by so doing,

Ancora would be obligated to rescind its letters to the Board of Nursing.  She claims that

the hospital did not notify her that they had reported her to the Board of Nursing before

she signed the settlement agreement and that she would not have done so had she known

of the reports.  The record, however, tells a different story.  Weisman, in fact, signed a

---

[1] Weisman also argues that even if the waiver provision is enforceable, Weisman's retaliation claim stemming from Ancora's June 2010 disclosure of the reports to the Board of Nursing is still viable because this claim arose after the Settlement Agreement was signed, and the waiver provision only bars claims that accrued before the parties entered the agreement.  This claim is also without merit because it is predicated on the incorrect assumption that such disclosure violated Ancora's obligations under the agreement. We have already decided that this disclosure did not violate the Settlement Agreement and was, in fact, legally required.  Any retaliation claim based on this disclosure must fail.

7

mail receipt on April 2, 2010, just two days after Ancora had sent her a letter enclosing the two reports it had made to the Board of Nursing. Further, Weisman herself acknowledged that she did indeed have notice of the hospital's reports---she specifically stated so in her complaint. Therefore, the District Court did not err by finding that Weisman's own failure to exercise reasonable care by reviewing her own mail precludes rescission of the agreement.[2]

C.

Weisman also maintains that the District Court incorrectly resolved several issues of material fact. We disagree and will briefly review Weisman's arguments. To begin with, Weisman argues that the District Court improperly resolved the question of when she received notice that Ancora had reported her to the Board of Nursing. We have already disposed of this argument. To be plain, the record specifically contradicts Weisman's position that she received no notice of Ancora's reports before starting arbitration. The District Court committed no error. Weisman points to further instances where she believes the District Court improperly resolved issues of material fact. These include her assertion that there was no "meeting of the minds" on essential terms of the settlement agreement; that the District Court's construction of the term "resignation in good standing" is inconsistent with the intent of the parties; that Ancora's disciplinary actions against her lacked predicate facts; whether she truly was unfit for duty as determined by Dr. Margolis, the examining psychiatrist; whether Dr. Margolis' report

---

[2] Our review of the record convinces us that any allegation of fraud made by Weisman must fail as well. As the District Court correctly noted, the record reveals no allegations of fraud, duress or any other imposition that might have negated the agreement.

was based on accurate information; and whether Weisman undertook actions (leaving voicemail messages, etc.) and whether those actions were inappropriate or disrespectful. We reject all of these contentions.

First of all, these alleged "genuine issues of material fact" all transpired before the creation of the settlement agreement on April 16, 2010. Since the District Court concluded that Ancora had not breached the Settlement Agreement, the agreement's waiver proviso bars claims arising before April 16, 2010. Moreover, the District Court did not base its opinion on these alleged factual disputes, but instead provided Weisman's counsel with generous opportunities to rebut Dr. Margolis' evaluation of her fitness for duty. The bottom line here is that the District Judge did not resolve disputed issues of fact but instead relied on undisputed facts in resolving this case. These undisputed facts included Weisman's own admissions of her conduct; conduct which provided the basis for Ancora's report to the Board of Nursing. We, therefore, find no error on the part of the District Court.

D.

Weisman lastly contends that the District Court erred by denying her motion for partial summary judgment as moot. Specifically, she believes the District Court should have granted her partial summary judgment on Ancora's affirmative defense that New Jersey law required them to report Weisman to the Board of Nursing. We see no error in the District Court's decision to deny her motion. Weisman's argument on appeal suffers from a lack of supporting evidence. She points to no evidence that Ancora could have legally concealed its reports from the Board of Nursing or that they could have omitted

9

notifying Kennedy Memorial without violating New Jersey law. Indeed, Weisman concedes this point.

In short, Weisman has not demonstrated an entitlement to summary judgment--- partial or otherwise--- on her breach of contract claim or on Ancora's affirmative defense of statutory compliance.

## IV.

In sum, and having considered all arguments raised by the Appellant, we find no merit to them and will affirm the decision of the District Court.